### Maggie Day et al. v. The State.

#### No. 3481. Decided April 10, 1907.

**1.—Appearance Bond—Judgment Nisi—Scire Facias—Date—Variance.**

Where upon appeal from a judgment nisi, appellants complained that the
original bond was returnable January 2, 1905, and that the judgment nisi
and original scire facias showed that said bond was returnable on the 3rd
day of January, 1905; and there was no bond in the record, and proof of
same was made in the trial court by secondary evidence to which appellant
had no bill of exceptions, there was no error presented for review.

**2.—Same—Secondary Evidence—Contents of Bond—Substitution.**

Where upon trial to make final a judgment nisi, proof was made by oral
testimony after proper predicate accounting for the loss or misplacement of
the original bond, secondary evidence of the contents of the same was admissible,
and substitution of said bond was unnecessary.

**3.—Clerical Error—Date of Bond—Judgment.**

Where the judgment recited that the appearance bond was given returnable
on a certain day, oral testimony of the sheriff that it was given one day
previously of said date was a mere clerical error as apparent from the record.

Appeal from the County Court of Comanche. Tried below before
the Hon. J. H. McMillan.

Appeal from a judgment final on an appearance bond for the sum
of $500.

The opinion states the case.

*Gordon & Gordon,* for appellants.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—The defendant, Maggie Day, as principal, executed a bond for the sum of $500, with S. C. Counts and L. N. Hart as sureties, conditioned that the defendant Maggie Day make her personal·appearance before the County Court of Comanche County to be held on the 3rd day of January, 1905, to answer to the offense of a misdemeanor. Appellant, in assignment of error, complains that the court erred in making the nisi judgment final because the record shows that the original bond was returnable on January 2, 1905, and the judgment nisi and original scire facias show that said bond was returnable on the 3rd day of January, 1905, and, therefore, there is a fatal variance between said bond and said scire facias and judgment nisi; that the original bond is not in the record but proof of same was made by oral testimony after proper predicate was laid accounting for its loss or misplacement. Appellant has no bills of exception in the record to the introduction of this proof, and the statement of facts show that the bond was dated the 3rd day of January. So this assignment is without merit.

Appellant's second assignment of error complains that the court permitted the introduction of secondary evidence of the contents of said bond without said bond being substituted. We do not deem it necessary to substitute the bond. If it was lost or misplaced, after diligent search in the proper place to find same or likely to find same, this would be a predicate for the introduction of secondary evidence.

Appellant's third assignment of error complains that the evidence shows that the bond was made returnable before the county court on January 2, 1905, instead of January the 3rd. We take it that this is a mere clerical error in the sheriff's testimony, since the judgment recites that the bond was given returnable the 3rd day of January, both the final and nisi judgments.

Finding no error in the record, the judgment of the lower court is affirmed.

*Affirmed.*